**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| M.S., et al. | CASE NO. 1:25-cv-00910 |
| Plaintiffs, | |
| vs. | JUDGE JEFFREY P. HOPKINS |
| | MAGISTRATE JUDGE STEPHANIE |
| WARREN COUNTY BOARD OF | BOWMAN |
| DEVELOPMENTAL DISABILITIES, et al. | |
| Defendants. | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO**
**DISQUALIFY ATTORNEY KATHRYN HORVATH (ECF NO. 18)**

Now come Plaintiffs M.S., Lindsey Sodano, and Justin Sodano, by and through counsel,

and respectfully submit this Supplemental Memorandum in Support of their Motion to Disqualify

Attorney Kathryn Horvath, ECF No. 18, filed April 1, 2026, pursuant to this Court's Order granting

leave to supplement.

Respectfully Submitted,

/s/ Michela Huth
MICHELA HUTH (Reg. No. 0091353)
257 Canal Street, SE
Bolivar, OH 44612
Ph:  330-440-4027
michelahuth.esq@gmail.com

/s/ Richard Rosenthal
RICHARD ROSENTHAL *(Pro Hac Vice)*
545 E. Jericho Turnpike
Huntington Station NY 11746
Ph: (631) 629-8111
richard@thedoglawyer.com

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY ATTORNEY KATHRYN HORVATH

**I.      Introduction**

This supplemental memorandum is filed pursuant to the Court's order granting leave. It presents one newly-received communication, a May 13, 2026 email from WCBDD Service Support Administrator ("SSA") Patrick Poteet to Plaintiffs Lindsey Sodano and Justin Sodano, that directly contradicts a central factual assertion in Defendants' Response in Opposition (ECF No. 23), confirms that the litigation witness requirement remains ongoing and operative, and independently raises a question of attorney-client privilege waiver that bears on the scope of permissible examination at any evidentiary hearing this Court may order.

**II.      Procedural Background**

Pending before the Court is Plaintiffs' Motion to Disqualify Attorney Kathryn Horvath, filed on April 1, 2026. (ECF No. 18). Defendants filed their Response in Opposition on April 22, 2026. (ECF No. 23). Plaintiffs filed their Reply on May 5, 2026. (ECF No. 26). On May 13, 2026, Plaintiffs received the email that is the subject of this supplement. A true and accurate copy is attached hereto as Mt. Disq. Supp. Ex. L.

**III.      Argument**

**A. The May 13, 2026 Poteet Email Directly Contradicts Defendants' Central Factual Assertion in their Response in Opposition.**

Defendants' Response in Opposition rests on a specific and repeated premise: that Attorney Horvath exercised no authority over WCBDD's operational decisions and could only provide advice that her client was free to accept or reject. Defendants stated in their Response in Opposition:

2

> [Attorney Horvath] has no policy-making role, nor any power over the decisions made by her clients. Her only authority is to advise the Board of the best legal course of action, and to represent the Board in carrying out that action."

ECF No. 23 at PageID 394-395

In contrast, on May 13, 2026, Plaintiffs received an email from SSA Poteet regarding scheduling of M.S.'s upcoming in-person visit which states the following:

> I understand that you are open to meeting; however, I also understand that you do not consent to a county witness being present. I want to be transparent that, **due to ongoing litigation, county legal counsel has advised that I am not permitted to attend without a county witness**.

Exhibit L, emphasis added.

The phrase "I am not permitted to attend" is the language of an employee who understands himself to be operating under a constraint on his own conduct issued by "county legal counsel" (Ex. L). Attorney Horvath is WCBDD's sole county legal counsel in this matter. SSA Poteet's description of her directive as a condition on what he is "not permitted" to do is irreconcilable with Defendants' representation that Horvath has no "power over the decisions made by her clients." (ECF No. 23 at PageID 394-395).

This new statement goes further than SSA Poteet's previous statement on March 4, 2026, already in the record at Exhibit G to the Motion to Disqualify, (ECF No. 18-7). Then, Poteet stated that the litigation witness requirement is in force because "there is an ongoing court case" and that the authority for the requirement is "the county lawyers." This new May 13 email fully clarifies that this is a directive, not advice. Poteet is "not permitted" to perform a required Medicaid service coordination visit without the litigation witness. (Ex. L).

Notably, in his May 13 email, SSA Poteet also described the litigation witness condition as "the county's legal requirements" (Ex. L). At the same time, Defendants maintain in their

3

Response in Opposition that "It is clearly not policy; it is practical advice." (ECF No. 23 at PageID 396). The distinction between "the county's legal requirements" and "practical advice" is substantial. The phrase "the county's legal requirements" reflects an understanding by WCBDD staff that counsel's litigation witness directive is mandatory, not discretionary. Mr. Poteet's May 13 email reflects how the litigation witness directive functions within WCBDD: not as "practical advice," but as an authoritative legal obligation flowing from counsel to staff. SSA Poteet confirms that "county legal counsel" has directed him on what he is and is not "permitted" to do as he administers M.S.'s Medicaid services.

This directly implicates the Rule 1.7 conflict analysis set forth in Plaintiffs' Motion to Disqualify. (ECF No. 18). Defendants' Response in Opposition devoted less than one page to Rule 1.7, asserting that because Attorney Horvath is not a named defendant, "her conduct is not at issue." (ECF No. 23 at PageID 398). SSA Poteet's May 13 email confirms otherwise. If WCBDD staff understand Attorney Horvath's directive to be a binding requirement constraining what an SSA is "permitted" to do, then Attorney Horvath has a personal and professional stake in how this case resolves. Because the litigation witness requirement is a mandatory directive WCBDD employees received from Attorney Horvath, Attorney Horvath cannot give WCBDD detached advice about whether to defend, distance itself from, or concede the litigation witness requirement. That is precisely what Rule 1.7(a)(2) is designed to prevent, and SSA Poteet's May 13 email makes the conflict of interest concrete.

### B. The May 13 Email Confirms that the Litigation Witness Requirement Remains Ongoing and Operative.

Defendants' opposition characterized the events underlying the disqualification motion as largely historical (ECF No. 23 at PageID 390). Plaintiffs' Reply documented that the litigation

witness requirement remains in force (ECF No. 26 at PageID 409). The May 13 Poteet email makes it further evident that SSA Poteet understands himself to be prohibited by county legal counsel from completing M.S.'s required 60-day in-person contact visit unless Plaintiffs admit a litigation witness to their home.

Attorney Horvath is still counsel of record for WCBDD in the above-captioned case. She is, by Defendants' own account, the source of the "county legal requirement" SSA Poteet must follow. At the same time, she is the lawyer defending the conduct in this Court. Attorney Horvath's operational direction of WCBDD field staff is ongoing, described in the present tense by the WCBDD employee subject to it, with the source identified as "county legal counsel" (Ex. L). The conflict therefore remains live and continues to bear directly on disputed issues in this case.

That the conflict is live rather than historical makes the case for disqualification stronger. A lawyer who is simultaneously the active source of an ongoing directive that causes WCBDD to not conduct its required in-person visits, the defender of that directive in federal court, and the subject of a pending disqualification motion arising from that same directive, cannot give her client disinterested advice about how to proceed. Every day the litigation witness requirement remains in force under Attorney Horvath's direction is another day her personal stake in vindicating that directive deepens. One of the questions before this Court is whether an attorney whose own ongoing direction of client conduct can continue to serve as unconflicted counsel. SSA Poteet's May 13 email assists greatly in answering this question: the conduct remains a live controversy, it has not been retracted, its source remains "county legal counsel," and counsel has advised Poteet that he is "not permitted" to fulfill his statutory duties unless Plaintiffs comply with the litigation witness demand. Rule 1.7(a)(2) does not permit that conflict of interest to continue.

5

**C. SSA Poteet's Voluntary Disclosure Raises Questions About the Scope of the Privilege Defendants Have Invoked to Shield this Subject Matter.**

Defendants argued in their Response in Opposition that Plaintiffs are not entitled to ask what instructions were given to the litigation witness, stating: "[T]hose would be attorney-client privileged communications, and that privilege could only be waived by the client" (ECF No. 23 at PageID 396).

SSA Poteet's May 13 email adds to the analysis of whether attorney-client privilege applies. In that email, Poteet voluntarily disclosed to Plaintiffs, an adverse party, the substance of Attorney Horvath's legal direction on the precise subject matter Defendants have invoked privilege to protect: that county legal counsel has directed WCBDD staff on what they are and are not "permitted" to do in connection with the litigation witness requirement. (Ex. L). Defendants cannot simultaneously permit their employee to disclose the substance of counsel's direction to an adverse party and then invoke privilege to prevent any further examination of that same subject matter. That is precisely the sword-and-shield problem Plaintiffs' Reply identified at ECF No. 26 at PageID 411–412, and SSA Poteet's May 13 email brings it into sharp focus.

## IV.     Conclusion

For the reasons set forth above, and for the reasons set forth in Plaintiffs' Motion to Disqualify (ECF No. 18) and Reply (ECF No. 26), Plaintiffs respectfully request that the Court grant the Motion to Disqualify Attorney Kathryn Horvath as counsel for Defendants. In the alternative, Plaintiffs request an order barring Attorney Horvath from serving as trial counsel or from acting as advocate at any evidentiary hearing at which she is likely to be a necessary witness.

Respectfully submitted,

/s/ Michela Huth

6

MICHELA HUTH
(Reg. No. 0091353)
257 Canal Street, SE
Bolivar, OH 44612
Ph: 330-440-4027
michelahuth.esq@gmail.com

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL
Pro Hac Vice
545 E. Jericho Turnpike
Huntington Station, NY 11746
Ph: (631) 629-8111
richard@thedoglawyer.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, a true and correct copy of the foregoing

Supplemental Memorandum in Support of Motion to Disqualify Attorney Kathryn Horvath was

served on all counsel of record through the Court's CM/ECF system.

/s/ Michela Huth
MICHELA HUTH
(Reg. No. 0091353)

7

**lindsey_sodano@yahoo.com**

| | |
|---|---|
| **From:** | Patrick Poteet <patrick.poteet@warrencountydd.org> |
| **Sent:** | Wednesday, May 13, 2026 10:30 AM |
| **To:** | lindsey_sodano@yahoo.com; justin_sodano@yahoo.com |
| **Cc:** | Brittany Roberts |
| **Subject:** | May Home visit |
| **Attachments:** | 2026-2027 SSF-122 Monitoring of Minor Children Receiving HPC Services Form.docx |

I hope you are doing well. I'm reaching out to coordinate a meeting for the month of May.

To assist with scheduling, my colleague and I have shared the dates and times we are unavailable

• The remainder of this week
• May 20: unavailable after 12:00 PM
• May 21: unavailable after 2:45 PM

I understand that you are open to meeting; however, I also understand that you do not consent to a county witness being present. I want to be transparent that, due to ongoing litigation, county legal counsel has advised that I am not permitted to attend without a county witness. I recognize this creates a challenge, and my goal is to work collaboratively with you to find a path forward that meets both your comfort level and the county's legal requirements.

Sincerely,
Patrick Poteet

# EXHIBIT L

Patrick Poteet (He/Him)
SSA Learning and Development Coordinator
Warren County Board of Developmental Disabilities
801 Drake Road
Lebanon, OH  45036
Book time with Patrick Poteet
Phone: (513) 519-5485
Fax: (513) 932-2046
SSA Division Main Line: (513) 228-6402
Emergency #: 1-800-800-6847

**Sign up to receive our news and updates at**
**_www.warrencountydd.org_**

**Connect With Us on Social Media**

   



*Supporting people with disabilities and their families to achieve what is important to them.*

_____

_____

_____

**CONFIDENTIALITY NOTE:** This message is intended for use only by the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication or any attachments is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify the sender immediately.

 Book time to meet with me