1/27/26, 10:18 AM
Case: 1:25-cv-00910-JPH-SKB Doc #: 33-3 Filed: 07/13/26 Page: 1 of 6 PAGEID #: 534
Gmail - Re: M.s. v wcbdd. Sodano

 Gmail                 EXHIBIT C                         OhioParentPenalty <ohioparentpenalty@gmail.com>

## Re: M.s. v wcbdd. Sodano

1 message

**michela huth** <michelahuth.esq@gmail.com>                                          Tue, Jan 27, 2026 at 10:04 AM
To: Brandon Abshier <babshier@reminger.com>
Cc: Dog Lawyer <richard@thedoglawyer.com>, "Michael J. Valentine" <MValentine@reminger.com>
Bcc: ohioparentpenalty@gmail.com

Thank you for your response.

We note that your email does not address the specific clarifications (six of them) sought in our last email. In the absence of answers to those, our clients cannot fully understand the County's asserted legal position or the implications of the parent replacement search.

To be clear, our clients are not requesting or initiating a parent replacement search meant to replace them for the short interim period before M.S. turns eighteen. As stated previously, it is our position that such searches are unlawful. At the same time, our clients are not attempting to control or direct the County's actions. If the County chooses to proceed with its own parent replacement search to find temporary workers to replace the parents for the next several months, it is doing so on its own initiative and under its own asserted authority.

Our clients do not consent to the disclosure to third parties of their child's or their own personal, contact, or medical information protected under HIPAA and the Bill of Rights.  *See* R.C. 5123.62(T) ("The right to confidential treatment of all information in their personal and medical records, except to the extent that disclosure or release of records is permitted under sections 5123.89 and 5126.044 of the Revised Code[.]").

Nothing in this correspondence should be construed as consent, authorization, refusal, or waiver of any rights.

If the County elects to proceed with its own provider search using information it already collected regarding M.S. through its service planning and assessment processes, it is doing so unilaterally and not at our clients' request or direction. We request that the County clearly document that any such search is conducted solely at the County's initiative and also document the standards used by the Board during the Board's search for temporary providers to replace M.S.'s long standing providers -- her parents.

We again request responses to the clarifications we sought in our last email to you.

We reserve all rights.

Regards,


Richard and Michela



On Mon, Jan 26, 2026 at 1:27 PM Brandon Abshier <babshier@reminger.com> wrote:

> Warren County likes to work with the parents and involve them in the search.  That is why I said on our call after Christmas, to have your clients send us the parameters (as they did last year) or tell us to just use the parameters they provided last year.
>
>
> If they do not want to be involved, that is fine.  Unless we hear some objection today, the County is going to move forward with the provider search tomorrow morning and use the parameters that your clients provided last year.  They will let the parents know the results.

**Brandon Abshier, Esq.** - 614-232-2422 (direct)
Reminger Co., L.P.A.

---

**From:** michela huth <michelahuth.esq@gmail.com>
**Sent:** Monday, January 26, 2026 9:29 AM
**To:** Brandon Abshier <babshier@reminger.com>
**Cc:** Dog Lawyer <richard@thedoglawyer.com>; Michael J. Valentine <MValentine@reminger.com>
**Subject:** Re: M.s. v wcbdd. Sodano

Counsel:

**Subject:** Clarification Requested Regarding Provider Search

Counsel,

We are seeking clarification regarding several statements in your recent email.

1.  Please clarify what you mean by "your clients still have not authorized the provider search … to allow Warren County to run the search." As we recall from the conversation we had after Christmas, there was no discussion of the need for our clients to authorize the search to replace them. During the post-Christmas call with counsel, it was our understanding that the County would proceed independently with any provider search it deemed appropriate. It remains our position, as set forth in the Complaint, that parent replacement searches for minor children is, inter alia, unconstitutional, is violative of the ADA, and discriminates based on age. However, if the Board's position is that a replacement search is required, we do not understand why the Board believes it needs authorization from our clients in order to carry out what it contends is its own legal obligation. In addition, we do not understand how an "authorization" requirement would operate considering the significant privacy implications of disclosing the child's personal and medical information to unknown third parties.

2.  Your email also references the need for our clients to provide "the parameters for providers as was provided by your clients last year to allow Warren County to run the search." What specific parameters are you seeking from out client? To the extent the Board contends that it is required by law to run a parent replacement search, we do not understand why the Board believes it is dependent on our clients to define the parameters of that search. The County Board has all information it needs to pursue this replacement search.

3.  You state, "the State has told the County that we cannot … put the parents down as providers if the search is not run." As stated above, you informed us during the post-Christmas conversation that your client will be proceeding independently with its own replacement search. Moreover, the DODD is not mandating these searches. As you know, DODD represented to the Ohio Supreme Court in its Motion to Dismiss filing in the previously filed Mandamus:

    a.  "The words [requiring parent replacement] are advisory on their face."

b. "The FAQ does not use 'shall' or 'must.'"

c. "The word 'expect' is aspirational rather than mandatory."

d. "[The FAQ's] guidance is aspirational rather than mandatory."

e. "OAC 5160-44-32 does not set a timeframe" for reassessing provider availability.

In light of DODD's representations to the Court, we do not understand the basis for the County's assertion that it "cannot" put the parents down as providers absent a replacement search.

4. You state, "the State has told the county that we cannot do the Extraordinary Care Instrument… if the search is not run." With respect to the Extraordinary Care Instrument, the ECI was already completed and remains valid. Please provide clarification on any statutory requirement to complete another ECI.

5. Your email references impending "deadlines." We have not been notified of any pending deadlines, nor has our client. Any deadlines related to a replacement search required by the County would necessarily be deadlines imposed upon the Board, not our clients.

6. Finally, your email states that "the county will be left listing the parents' employer as the approved provider." The County has listed the parents' employer as an approved provider in M.S.'s service plans for many years. We do not understand this statement. Please clarify how the County's current position differs from this long standing practice.

Regards,

Richard and Michela

On Wed, Jan 21, 2026 at 4:13 PM Brandon Abshier <babshier@reminger.com> wrote:

> Michela and Richard:
>
> I am following up after our call the day after Christmas. It is my understanding the OISP meeting took place last Friday. I checked and I was told that your clients still have not authorized the provider search nor provided the parameters for providers as was provided by your clients last year to allow Warren County to run the search. As I have said, they State has told the county that we cannot do the Extraordinary Care Instrument or put the parents down as providers if the search is not run. Right now, the county will be left listing the parents' employer as the approved provider. Please let us know what your client's position is as we are running up against deadlines now.
>
> **Brandon Abshier, Esq.** - 614-232-2422 (direct)
> Reminger Co., L.P.A.

1/27/26, 10:18 AM      Gmail - Re: M.s. v wcbdd. Sodano

Case: 1:25-cv-00910-JPH-SKB Doc #: 33-3 Filed: 07/13/26 Page: 4 of 6  PAGEID #: 537

**From:** Brandon Abshier
**Sent:** Monday, December 29, 2025 1:14 PM
**To:** 'michela huth' <michelahuth.esq@gmail.com>
**Cc:** Dog Lawyer <richard@thedoglawyer.com>; Michael J. Valentine <MValentine@reminger.com>
**Subject:** RE: M.s. v wcbdd. Sodano


Attached is the e-mail. The only thing redacted is their e-mail forwarding the e-mail string to me.


**Brandon Abshier, Esq.** - 614-232-2422 (direct)
Reminger Co., L.P.A.


---


**From:** michela huth <michelahuth.esq@gmail.com>
**Sent:** Monday, December 29, 2025 11:27 AM
**To:** Brandon Abshier <babshier@reminger.com>
**Cc:** Dog Lawyer <richard@thedoglawyer.com>
**Subject:** M.s. v wcbdd. Sodano


Good morning.


Richard nor I received the email that you were going to send us from the dodd.


Thanks in advance.




Michela Huth, Esq.*

Ph: (330) 440 4027

PO Box 17

Bolivar, OH 44612


*Licensed to practice state law in Ohio and New York.

Admitted in the following Federal Courts,

Sixth Circuit Court of Appeals

Third Circuit Court of Appeals

Southern District of New York

Eastern District of New York

Northern District of Ohio

Southern District of Ohio

Western District of Michigan

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful. This email has been scanned for viruses and malware by **Mimecast Ltd**.

--

Michela Huth, Esq.*

Ph: (330) 440 4027

PO Box 17

Bolivar, OH 44612

*Licensed to practice state law in Ohio and New York.

Admitted in the following Federal Courts,

Sixth Circuit Court of Appeals

Third Circuit Court of Appeals

Southern District of New York

Eastern District of New York

Northern District of Ohio

Southern District of Ohio

Western District of Michigan

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful. This email has been scanned for viruses and malware by **Mimecast Ltd**.

--

Michela Huth, Esq.*

Ph: (330) 440 4027
PO Box 17
Bolivar, OH 44612

*Licensed to practice state law in Ohio and New York.
Admitted in the following Federal Courts,
Sixth Circuit Court of Appeals
Third Circuit Court of Appeals
Southern District of New York
Eastern District of New York
Northern District of Ohio
Southern District of Ohio
Western District of Michigan