# EXHIBIT E



**Richard B. Rosenthal, Esq**

July 7, 2026

VIA ELECTRONIC MAIL

Brandon L. Abshier, Esq.
babshier@reminger.com

**Re:**   *M.S., et al. v. Warren County Board of Developmental Disabilities, et al.,*
Case No. 1:25-cv-00910 (S.D. Ohio) (Hopkins, J.; Bowman, M.J.)
**Altered email string transmitted to Plaintiffs' counsel on December 29, 2025**

Dear Mr. Abshier:

We write concerning a matter of the utmost seriousness. Our meticulous review of Defendants' June 29, 2026 document production has revealed that the email string you transmitted to us on December 29, 2025, and which you and your clients used to represent that DODD required the parent provider search at issue in this litigation, had been altered before it reached us, most likely before it reached you as well. We set out the facts below, as well as what we believe are the necessary next steps. Our hope is to work with you to look into this issue and avoid having to place this matter before the Court.

**The facts.** On December 29, 2025, you sent us a pdf version of an email string between Defendant Manuel, Defendant Hidy, and DODD officials Lyndsay Nash and Allan Showalter. Your email stated: "Attached is the e-mail. The only thing redacted is their e-mail forwarding the e-mail string to me." Defendants' recent production of the complete string, Bates-numbered WCBDD00341 through WCBDD00345, shows that the version you forwarded to us in December differed from the original in two respects. We emphasize that we do not suspect or believe that you personally knew about either of the alterations described below:

First, two sentences were deleted from the middle of Superintendent Manuel's December 1, 2025 email, and the surrounding text was moved together so that no gap appears. The deleted sentences read:

> "Since sending this email to you, we have received notification from their attorney with threats of litigation. Our prosecutor's office is involved, and we will be

545 E. Jericho Turnpike
Huntington Station, New York 11746
(PH) 631-629-8111 or 718-261-0200
(FAX) 631-961-8789 or 718-793-2791
rbrosenthalesq@optonline.net
richard@thedoglawyer.com



## Richard B. Rosenthal, Esq

discussing with the board tonight at our board meeting, so I would like to let them know where we are with that question."

Second, the email string was cut off below the November 21, 2025 email, omitting the October 8, 2025 email from DODD Deputy Director Allan Showalter, the October 1, 2025 email from Superintendent Manuel, and the September 23, 2025 forwarded objection email from Lindsey Sodano, along with the screen shot from a DODD Supreme Court of Ohio filing. In the omitted October 8 email, Mr. Showalter wrote:

"We've discussed and recommend the board follow DODD's guidance in our updated FAQ's related to 5160-44-32."

The December 29, 2025 altered version of the email string and the version Defendants produced in discovery on June 29, 2026 are both attached hereto.

The significance of these alterations cannot be overstated. The version you sent on December 29 was used to attempt to persuade Plaintiffs that DODD required the provider search. The material removed from it is precisely the material showing that DODD "recommend[ed]" Defendants "follow DODD's guidance," and did not "require," the search, as well as the statement that the Board sought DODD's input with litigation threatened and the prosecutor's office involved. A deletion from the middle of an email, with the text moved up to conceal the gap, is not an incomplete forward and is not a redaction. It is an intentional alteration.

**The consequences.** Plaintiffs relied on the altered version. We quoted it in our First Amended Complaint (ECF No. 14) and in Plaintiffs' Motion to Disqualify Kathryn Horvath, where it was filed as Exhibit J (ECF No. 18), and it colored Plaintiffs' pleadings and litigation decisions, including Plaintiffs' assessment of whether to seek emergency injunctive relief before the provider search proceeded. The search then proceeded over Plaintiffs' written objection, and M.S.'s private information was disclosed to approximately 392 unauthorized third parties, a disclosure that Ohio law classifies as a misdemeanor of the first degree. See R.C. 5126.044(B); R.C. 5126.99(A). It is no exaggeration to say that this litigation would stand in a materially different posture today had the complete email string been furnished on December 29. The record before the Court, the

545 E. Jericho Turnpike
Huntington Station, New York 11746
(PH) 631-629-8111 or 718-261-0200
(FAX) 631-961-8789 or 718-793-2791
rbrosenthalesq@optonline.net
richard@thedoglawyer.com

2



**Richard B. Rosenthal, Esq**

pleadings, and the decisions Plaintiffs made to protect their child at a decisive moment were all shaped by a document that had been altered.

**Your position.** We want to be clear about what we are and are not saying. We do not contend that you, yourself, altered this document, and we do not contend that you personally knew it was altered when you transmitted it and relied upon it. The record, including your own December 29 representation, is consistent with your having been provided the altered version by your client and having passed it along in good faith. But that is precisely the problem: whoever sent you the altered email string made you the instrument of its use. You personally transmitted it, you personally represented that the only thing redacted was the forwarding email, and it was used, through you, to influence the opposing party in pending federal litigation.

**Next steps.** Now that this issue has been brought to your attention, we respectfully ask that you take whatever steps are necessary to preserve the relevant evidence, determine how the altered version came into your possession, and prevent any continued reliance on it. We raise this request in light of the professional obligations that may be implicated when counsel learns that material evidence connected to an active case may have been altered or presented incompletely. Those obligations include Rule 3.3(b), concerning reasonable remedial measures when a lawyer learns of fraudulent conduct related to a proceeding; Rule 3.4(a) and (b), concerning obstruction of access to evidence, alteration of evidence, and falsification of evidence; Rule 4.1, concerning truthful statements to others and disclosure necessary to avoid assisting a client's illegal or fraudulent act; Rule 1.2(d), which prohibits assisting a client in conduct the lawyer knows is illegal or fraudulent; and Rule 8.4(c) and (d), concerning dishonesty, fraud, deceit, misrepresentation, and conduct prejudicial to the administration of justice.

Accordingly, we believe the following is what is necessary at this point. We are also open to your suggestions on how to address this issue.

1.   Please produce the complete, unredacted email or emails by which the email string was transmitted to you in December 2025, in native electronic format with all metadata intact, including the full forwarding chain and every transmission header.

545 E. Jericho Turnpike
Huntington Station, New York 11746
(PH) 631-629-8111 or 718-261-0200
(FAX) 631-961-8789 or 718-793-2791
rbrosenthalesq@optonline.net
richard@thedoglawyer.com

3



**Richard B. Rosenthal, Esq**

2.   Please identify each person who provided, forwarded, or transmitted the altered version to you, and of each person known to you to have handled it before it reached you.

3.   Please identify every other document, communication, or category of documents in this case that the person or persons identified in item 2 provided, prepared, assembled, or transmitted, so that the integrity of Defendants' production can be verified.

4.   Please provide written confirmation that you, your firm, and your clients have preserved, and will not delete, alter, overwrite, or permit the routine destruction of, all native email messages, attachments, mailbox data, document-conversion files, metadata, and audit records bearing on the altered version, the complete version produced at WCBDD00341 through WCBDD00345, and the transmission of the altered version to you by Defendants and from you to us.

5.   Please provide a statement of the remedial steps you have taken or will take, including correction of any representation made to Plaintiffs or to the Court that rested on the altered document.

**Please provide your response by close of business Thursday, July 9, 2026.** Otherwise, Plaintiffs will file an emergency motion on Friday morning, July 10, 2026, invoking the Court's inherent authority, seeking a preservation order, in camera review of the transmittal and its metadata to determine who altered the document, and the appointment of a special master at Defendants' expense to verify the integrity of Defendants' entire document production, and we will request an immediate conference with the Court. We would prefer to work with you, rather than bring the issue before the Court, especially because, like we stated, we do not have any reason to believe you had any involvement in altering this document or knowingly transmitting the altered document to us.

Very truly yours,

/s/ Michela Huth
/s/ Richard B. Rosenthal

545 E. Jericho Turnpike
Huntington Station, New York 11746
(PH) 631-629-8111 or 718-261-0200
(FAX) 631-961-8789 or 718-793-2791
rbrosenthalesq@optonline.net
richard@thedoglawyer.com