# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| M.S., et al. | CASE NO. 1:25-cv-00910 |
| Plaintiffs, | |
| vs. | JUDGE JEFFREY P. HOPKINS |
| WARREN COUNTY BOARD OF DEVELOPMENTAL DISABILITIES, et al. | MAGISTRATE JUDGE STEPHANIE BOWMAN |
| Defendants. | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Now come Plaintiffs M.S., Lindsey Sodano, and Justin Sodano, by and through counsel, and respectfully move under Fed. R. Civ. P. 15(a)(2), and Fed. R. Civ. P. 20 and 21 as to the addition of parties, for leave to file their Second Amended Complaint, attached as Exhibit A.

Pursuant to S.D. Ohio Civ. R. 7.3(b), counsel certifies that on July 20, 2026, counsel consulted with counsel for Defendants regarding consent to this motion. Defendants' counsel did not respond as of the filing of this motion.

Because the proposed amendment rewrites almost the entire pleading rather than revising it line by line, a conventional redline would not meaningfully assist the Court. Plaintiffs will provide a comparison version on request.

The grounds for this motion are set forth in the accompanying Memorandum in Support.

Respectfully submitted,

/s/ Michela Huth
MICHELA HUTH
(Reg. No. 0091353)
257 Canal Street, SE
Bolivar, OH 44612
Ph: 330-440-4027
michelahuth.esq@gmail.com

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL
*Pro Hac Vice*
545 E. Jericho Turnpike
Huntington Station, NY 11746
(631) 629-8111 (telephone)
(631) 961-8789 (facsimile)
richard@thedoglawyer.com

**<u>MEMORANDUM IN SUPPORT</u>**

**INTRODUCTION**

Three developments since the First Amended Complaint (ECF No. 14) was filed on March 5, 2026 require this amendment. Each emerged from discovery or occurred after that pleading was filed. None could have been pled earlier.

First, discovery revealed what Defendants did during the January 2026 provider search. Within hours of receiving Plaintiffs' written objection on January 27, 2026, WCBDD posted M.S.'s age, sex, weight, city of residence, diagnoses, weekly schedule, and intimate care needs to the OnSeen LiveCARE Marketplace, a statewide online marketplace, where the posting was associated with 392 provider entities. Plaintiffs first learned of the scope of this disclosure on or about June 19, 2026, when Defendants produced the LiveCARE records in discovery.

Second, discovery revealed that a central document had been materially altered before it was transmitted to Plaintiffs' counsel. On December 29, 2025, defense counsel sent what was represented to be the complete WCBDD-DODD email chain, stating that "[t]he only thing redacted is their e-mail forwarding the e-mail chain to me." The genuine chain, produced on June 29, 2026, showed that sentences had been deleted from two of the emails in the chain, with the resulting gaps closed and text beneath moved up, and that three entire emails had been removed from the same email chain, including one in which DODD's Deputy Director stated that DODD

"recommend[ed]" the board follow its "guidance." (*See* ECF No. 33; ECF No. 33-1 at PageID 526-528; ECF No. 33-2 at PageID 529-533). On July 15, 2026, Defendant Manuel admitted in sworn responses to Plaintiffs' Requests for Admission that she made each of these alterations and sent the altered document to Attorney Abshier.  Plaintiffs drafted the First Amended Complaint in reliance on the altered document, reasonably believing it to be complete and authentic. The proposed amendment is Plaintiffs' first opportunity to plead this case on the complete email chain that was not produced until June 29, 2026. Plaintiffs do not ask the Court to characterize Defendant Manuel's conduct in resolving this motion; the provenance of the altered document is before the Court separately. (ECF No. 33). The alterations matter here for one reason: they explain why these facts were not, and could not have been, pled earlier.

Third, events material to Plaintiffs' claims continued after the First Amended Complaint was filed. Defendants cancelled M.S.'s required in-person Medicaid visits in March and May 2026 when Plaintiffs declined to admit a litigation "witness" into their home, and those visits remain uncompleted. Defendants' sworn interrogatory answers, served June 10, 2026, identified for the first time which officials directed the witness requirement and the search and which official decided that M.S.'s visits "will not take place." When asked to produce all documents concerning any instance in which any Medicaid waiver recipient and/or guardian served by WCBDD was told they "may not dictate who enters their home," Defendants answered: "none other than Plaintiffs."

## PROCEDURAL HISTORY

Plaintiffs filed this action on December 10, 2025. (ECF No. 1). They filed the First Amended Complaint as of right on March 5, 2026. (ECF No. 14). Defendants answered on April 9, 2026 (ECF No. 22) and moved for judgment on the pleadings on June 11, 2026 (ECF No. 31).

The Court's Order on Motion for Extension of Time set July 31, 2026 as the deadline to amend the pleadings and to add parties.

On July 13, 2026, Plaintiffs filed an Emergency Motion Regarding Altered Records. (ECF No. 33). Because the identity of the person who altered the email chain was then unknown, Plaintiffs advised the Court that an extension of the amendment deadline might become necessary. Defendant Manuel's July 15, 2026 sworn admissions identified her as the person who altered the records. Several remaining questions about the alteration itself remain before the Court in ECF No. 33, but the identification of who made it resolved the one open question that had stood in the way of amending and permitted Plaintiffs to complete and file the proposed Second Amended Complaint within the existing deadline. No extension is necessary. Discovery remains open, and no trial date has been set.

On June 29, 2026, Defendants consented to a 30-day extension of the deadline to amend the pleadings and add parties, moving that deadline to July 31, 2026. Defendants raised no objection to the possibility of an amendment when they consented, and, as of the filing of this motion, have not indicated that they oppose it.

## ARGUMENT

### I. Leave should be freely given.

Rule 15(a)(2) directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has emphasized that cases should be decided on their merits rather than "the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). The addition of parties is governed by the same liberal standard. Fed. R. Civ. P. 20(a)(2), 21. Because the motion is filed before the July 31, 2026 deadline set by the Court's Order on Motion for Extension of Time, no showing under Fed. R. Civ. P. 16(b)(4) is required,

4

and this is also Plaintiffs' first request for leave to amend. Every Foman factor favors amendment.

**II.      There was no undue delay; Plaintiffs could not have pled these facts earlier.**

The timeline answers any delay argument. The facts related to the January 27, 2026 OnSeen LiveCARE Marketplace disclosure were produced in discovery on or about June 19, 2026. The complete and unaltered WCBDD-DODD email chain was produced on June 29, 2026, and only after Plaintiffs identified a discrepancy in the altered document and demanded the complete chain by deficiency letter. Defendants' interrogatory answers attributing the witness directive and the search were served June 10, 2026. Defendant Manuel's admissions regarding altering the email chain arrived on July 15, 2026. Plaintiffs filed this motion within five days of receiving this information.

A party cannot be charged with undue delay for failing to plead facts that were in the opposing parties' exclusive possession, produced only in discovery, or, as to the email chain, concealed from it. The First Amended Complaint was drafted on the record then available to Plaintiffs, which included a materially altered document transmitted by the defense. Amending on receipt of the genuine record is diligence, not delay.

**III.      There was no bad faith, and the amendment narrows the case.**

The proposed amendment reduces the count total from thirty-one to twenty-seven, withdraws the standalone Medicaid Act counts, and conforms the pleading to Defendants' own documents and sworn admissions. An amendment that drops claims and is built on the opposing parties' own discovery responses is the opposite of dilatory.

**IV.      Defendants will suffer no undue prejudice, and joinder is proper.**

5

Discovery remains open, no trial date has been set, and the new allegations rest on Defendants' own productions, filings, and sworn answers. Defendants cannot claim surprise from allegations built on their own records. *See Wade*, 259 F.3d at 458-59.

This motion is filed within the deadline the Court set for amending the pleadings and adding parties, as extended to July 31, 2026 on Defendants' own consent. On June 29, 2026, defense counsel proposed a thirty-day extension of that deadline and stated he had "no objection" to it, adding that a motion to extend could be filed as unopposed. A party that agrees to extend the very deadline governing amendment and the addition of parties anticipates an amended pleading. Having agreed to extend the deadline for amendment, Defendants can show no prejudice from an amendment filed within that extension.

The addition of Kathryn Horvath and Patrick Poteet prejudices no one. Both have had notice of this action and of their alleged roles from its earliest stages: Ms. Horvath is the subject of a fully briefed motion (ECF No. 18), and Mr. Poteet is M.S.'s assigned service and support administrator, whose conduct is documented in Defendants' own case notes, correspondence, and sworn answers, as well as in Plaintiffs' First Amended Complaint (ECF No. 14). The claims against both arise out of the same transactions and occurrences already at issue and present common questions of law and fact. Fed. R. Civ. P. 20(a)(2). Both are added within the limitations period, so no relation-back question arises.

## V.     The amendment is not futile, and granting leave serves judicial economy.

An amendment is futile only if it could not withstand a Rule 12(b)(6) motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). The proposed amendment pleads concrete, completed injuries, including the publication of a disabled child's intimate personal information to hundreds of third parties over her parents' written objection, supported

6

throughout by verbatim quotations from Defendants' own documents and sworn discovery responses. That is more than colorable, and any merits challenge can proceed on full briefing against the operative pleading.

Granting leave also conserves the parties' and the Court's resources. Defendants' pending motion for judgment on the pleadings (ECF No. 31) is directed at the First Amended Complaint, a pleading that predates the discovery described above and was itself drafted in reliance on the public record Defendant Manuel admits to have altered. Because an amended complaint supersedes the prior pleading, Hayward v. Cleveland Clinic Found., 759 F.3d 601, 617 (6th Cir. 2014), the filing of the Second Amended Complaint will moot that motion. Plaintiffs accordingly request that, upon granting leave, the Court deny the pending motion as moot, without prejudice to Defendants' ability to raise their arguments against the operative pleading.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the Second Amended Complaint attached as Exhibit A, direct the Clerk to file it as of the date of the Court's order, and deny the pending motion for judgment on the pleadings as moot[1] without prejudice.

Respectfully submitted,

/s/ Michela Huth
MICHELA HUTH
(Reg. No. 0091353)
257 Canal Street, SE
Bolivar, OH 44612
Ph: 330-440-4027
michelahuth.esq@gmail.com

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL

---

[1] Upon the Court's guidance, the Plaintiffs are willing to file a separate motion to moot the Motion for Judgment on the Pleadings (ECF No. 31).

*pro hac vice*
545 E. Jericho Turnpike
Huntington Station, NY 11746
(631) 629-8111 (telephone)
(631) 961-8789 (facsimile)
richard@thedoglawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, a true and correct copy of the foregoing was served

on all counsel of record through the Court's CM/ECF system.

/s/ Michela Huth
MICHELA HUTH
(Reg. No. 0091353)

8