## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| M.S., et al. | CASE NO. 1:25-cv-00910 |
| Plaintiffs, | |
| vs. | JUDGE JEFFREY P. HOPKINS |
| WARREN COUNTY BOARD OF DEVELOPMENTAL DISABILITIES, et al. | MAGISTRATE JUDGE STEPHANIE BOWMAN |
| Defendants. | |

**DEFENDANT WARREN COUNTY BOARD OF DEVELOPMENTAL DISABILITIES' RESPONSES TO PLAINTIFFS M.S., LINDSEY SODANO, AND JUSTIN SODANO'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

### REQUESTS FOR ADMISSION

1. Attorney Horvath's December 16, 2025 email to Plaintiffs' counsel and Plaintiff Lindsey Sodano (Exhibit A) states the following:  "WCBDD must complete the following steps prior to M.S.'s Ohio Individual Services Plan (OISP) to go into effect February 19, 2026. ***."  Below are the steps set forth in Exhibit A:

   A. "1. 60-day monitoring must occur. WCBDD will be sending two qualified employees to this appointment.  Ms. Sodano may not dictate who attends on behalf of WCBDD.  On my advice, they will be sending the SSA and one witness."

   B. "2. The annual ISP must be completed."

   C. "3. Provider search-  Please provide any information or input your client would like WCBDD to include in the applications they send out."

   D. "4. Exceptional Care Instrument (ECI) – WCBDD anticipates that M.S. will meet the requirements under this instrument.  However, pursuant to OAC 5160:44-32(E)(1) and (2)(c), and because M.S. is seeking to exceed the 40-hour maximum of paid care from a parent, DODD program operational processes require WCBDD to initiate an annual provider search prior to completion of the ECI."

1

Ex. A

Admit that, prior to Attorney Horvath sending the December 16, 2025 email, WCBDD had not communicated to Plaintiffs that the four steps above must be completed prior to M.S.'s OISP going into effect on February 19, 2026.

**ANSWER:**

**Deny.**

2. Admit that WCBDD has not informed Plaintiffs of any means whereby the Plaintiffs or WCBDD can end the requirement that a witness attend Plaintiffs' in-person visits.

**ANSWER:**

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Subject to and without waiving said objection, admit WCBDD has not stated anything this specifically. WCBDD does have a grievance process which is being produced.**

3. Admit that no Ohio statute, administrative regulation, rule, DODD guidance document, or WCBDD policy authorized WCBDD or its legal counsel to dictate to Plaintiffs that their conduct "cannot continue," or any substantially similar statement, as stated in Exhibit A.

**ANSWER:**

**Deny. Policies, regulations, and Ohio statutes speak for themselves.**

4. Admit that WCBDD directed Attorney Horvath to send the December 16, 2025 email (Exhibit A) to Plaintiff Lindsey Sodano.

**ANSWER:**

**Objection. This Request seeks information protected by the attorney-client privilege and attorney work product doctrine to the extent it seeks communications between WCBDD and counsel, counsel's mental impressions, or the substance of legal advice. Subject to and without waiving those objections, admit only that Attorney Horvath sent the December 16, 2025 email in her capacity as statutory counsel for WCBDD. Denied to the extent the Request characterizes privileged attorney-client communications or seeks an admission that WCBDD "directed" counsel in the manner suggested.**

2

5. Admit that WCBDD directed Attorney Horvath to communicate the following or a substantially similar statement, in her December 16, 2025 email (Exhibit A): "That cannot continue."

**ANSWER:**

**Objection. This Request seeks information protected by the attorney-client privilege and attorney work product doctrine to the extent it seeks communications between WCBDD and counsel, counsel's mental impressions, or the substance of legal advice. Subject to and without waiving those objections, WCBDD admits that the quoted language appears in the December 16, 2025 email, which speaks for itself. WCBDD denies Plaintiffs' characterization of any privileged communication between WCBDD and counsel.**

6. Admit that WCBDD directed Attorney Horvath to communicate the following or a substantially similar statement, in her December 16, 2025 email (Exhibit A): "Ms. Sodano may not dictate who attends on behalf of WCBDD."

**ANSWER:**

**Objection. This Request seeks information protected by the attorney-client privilege and attorney work product doctrine to the extent it seeks communications between WCBDD and counsel, counsel's mental impressions, or the substance of legal advice. Subject to and without waiving those objections, WCBDD admits that the quoted language appears in the December 16, 2025 email, which speaks for itself. WCBDD denies Plaintiffs' characterization of any privileged communication between WCBDD and counsel.**

7. Admit that no Ohio statute, administrative regulation, rule, DODD guidance document, or WCBDD policy authorized WCBDD or its legal counsel to dictate to Plaintiff Lindsey Sodano the following or a substantially similar statement: that she "may not dictate" who attends in-person visits inside her home.

**ANSWER:**

**Deny. Policies, regulations, and Ohio statutes speak for themselves.**

8. Admit that WCBDD directed SSA Patrick Poteet not to complete the December 18, 2025 60-day in-person contact visit at Plaintiffs' home unless Residential Options Coordinator Lori Carr was also permitted to enter Plaintiffs' home.

**ANSWER:**

**Admit that WCBDD directed Patrick Poteet to complete the December 18, 2025 60-day in-person visit with another employee. Deny the remainder.**

3

9.     Admit that WCBDD has not imposed the litigation witness requirement, described in Exhibits A and B, on any Medicaid waiver recipient who did not have pending litigation against WCBDD.

**ANSWER:**

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Subject to and without waiving said objection, deny.**

10.    Admit that WCBDD did not require a witness to attend Plaintiffs' in-person visits prior to December 10, 2025.

**ANSWER:**

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Subject to and without waiving that objection, after reasonable inquiry, WCBDD lacks sufficient information to admit or deny whether two WCBDD employees attended any prior in-person visit with Plaintiffs before December 10, 2025, and therefore denies the Request pursuant to Fed. R. Civ. P. 36(a)(4).**

11.    Admit that WCBDD did not provide Plaintiffs with written notice of any appeal, hearing, grievance, or review process through which Plaintiffs could challenge the litigation witness requirement imposed in Exhibit A and Exhibit B.

**ANSWER:**

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Subject to and without waiving said objection, deny.**

## **INTERROGATORIES**

State the full name, date of birth, present address, cell phone number and provider, and email address of the person(s) answering these Interrogatories.

**ANSWER:**

**Megan Manuel**
**Warren County Board of Developmental Disabilities**
**Superintendent**
**(513) 228-6508**
**42 Kings Way**
**Lebanon, Ohio 45036**
**megan.manuel@warrencountydd.org**

**Tony Hidy**
**Warren County Board of Developmental Disabilities**
**Service and Support Administration Director**
**(513) 228-6433**
**801 Drake Road**
**Lebanon, OH 45036**
**Tony.hidy@warrencountydd.org**

Identify all person(s) involved in deciding that a witness should or would attend Plaintiffs' in-person visits after Plaintiffs filed this lawsuit.

**ANSWER:**

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Subject to and without waiving said objection:**

**Megan Manuel**
**Tony Hidy**

Identify all person(s) who drafted, reviewed, approved, authorized, directed, edited, contributed to, or provided information pertaining to the content contained in Attorney Horvath's December 16, 2025 email to Plaintiffs' counsel and Plaintiff Lindsey Sodano (Exhibit A).

**ANSWER:**

**Objection. This Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine, including communications with counsel, counsel's legal advice, and counsel's mental impressions. Subject to and without waiving these objections, Attorney Horvath sent the December 16, 2025 email in her capacity as statutory counsel for WCBDD. WCBDD will not identify privileged attorney-client communications or counsel's work product.**

In a March 17, 2026 email (Exhibit D), Patrick Poteet stated: "The previous directive that I received, of having Brittany Roberts, Service Coordinator, join me for all in-person visits, still stands due to current litigation matters." Identify the person(s) who issued this "directive."

**ANSWER:**

**Megan Manuel**
**Tony Hidy**

In a March 17, 2026 email (Exhibit D), Patrick Poteet stated: "Since you have informed me that you do not consent to Ms. Roberts joining me for the March in-person visit, the visit will not take place." Identify the person(s) who made the decision that "the visit will not take place."

**ANSWER:**

**Tony Hidy, SSA Director**

Attorney Horvath's December 16, 2025 email (Exhibit A) states the following:

> "WCBDD must complete the following steps prior to M.S.'s Ohio Individual Services Plan (OISP) to go into effect February 19, 2026. \*\*\*

> "1. 60-day monitoring must occur. WCBDD will be sending two qualified employees to this appointment. Ms. Sodano may not dictate who attends on behalf of WCBDD. On my advice, they will be sending the SSA and one witness."

Identify the person(s) responsible for the requirement that, prior to M.S.'s OISP going into effect on February 19, 2026, a witness must attend a 60-day monitoring visit.

**ANSWER:**

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Defendant also objects to the characterization of the email as the email speaks for itself. Subject to and without waiving said objections:**

**Megan Manuel**
**Tony Hidy**

Identify the basis (i.e., statute, regulation, policy, directive, guidance, or government employee) for WCBDD's contention that "the SSA and one witness" must attend "60-day monitoring" prior to M.S.'s OISP going into effect February 19, 2026, as asserted in Exhibit A.

**ANSWER:**

**Objection. This request seeks a legal conclusion. Defendant further objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Subject to and without waiving said objections, WCBDD is not aware of any statute or regulation that limits the number of individuals who may attend any in-person meetings.**

6

Attorney Horvath's December 16, 2025 email (Exhibit A) states: "It has come to my attention that your clients are attempting to dictate to the Warren County Board of Developmental Disabilities (WCBDD) how they perform their statutory functions related to your clients' receipt of services.  That cannot continue."

Identify every person who communicated to Attorney Horvath that Plaintiffs were "attempting to dictate to the Warren County Board of Developmental Disabilities (WCBDD) how they perform their statutory functions," or any substantially similar characterization of Plaintiffs' conduct.

**ANSWER:**

**Objection. This Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine, including communications with counsel, counsel's legal advice, and counsel's mental impressions. Subject to and without waiving these objections, Attorney Horvath sent the December 16, 2025 email in her capacity as statutory counsel for WCBDD. WCBDD will not identify privileged attorney-client communications or counsel's work product.**

Attorney Horvath's December 16, 2025 email (Exhibit A) states: "It has come to my attention that your clients are attempting to dictate to the Warren County Board of Developmental Disabilities (WCBDD) how they perform their statutory functions related to your clients' receipt of services.  That cannot continue."

Identify the specific conduct by Plaintiffs that WCBDD contends was "attempting to dictate to the Warren County Board of Developmental Disabilities (WCBDD) how they perform their statutory functions."

**ANSWER:**

**Objection. Defendant objects to the characterization of this e-mail as the e-mail speaks for itself. Subject to and without waiving said objection, Plaintiffs attempted to direct WCBDD which employees they may assign to monitoring functions. Such assignments are a discretionary function of WCBDD, not the client.**

Identify all persons who were informed prior to 3:30 p.m. on December 18, 2025 that Plaintiffs had revoked consent for the witness to enter Plaintiffs' home on December 18, 2025.

**ANSWER:**

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Subject to and without waiving said objection, none.**

7

Describe WCBDD's process, if any, for reviewing, approving, modifying, or terminating legal directives issued by WCBDD's counsel regarding in-person visits or contact with waiver recipients after litigation is filed.

**ANSWER:**

**Objection. This request seeks information protected by the attorney-client privilege. Subject to and without waiving said objection, WCBDD's legal counsel does not issue any directives.**

Identify every instance in which any WCBDD employee questioned, declined, rejected, modified, failed to implement, or sought review of any directive, recommendation, or instruction issued by Attorney Kathryn Horvath concerning the subject matters contained in the First Amended Complaint (ECF 14).

**ANSWER:**

**Objection. This request seeks information protected by the attorney-client privilege.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce all non-privileged communications between Attorney Kathryn Horvath and: (a) any Defendant; (b) Defendant Manuel; (c) Defendant Hidy; (d) Defendant Lindeen; (e) Defendant Hathaway; (f) Lori Carr; (g) Patrick Poteet; (h) Brittany Roberts; (i) Julie Miller; (j) any WCBDD or DODD employee involved in provider searches, in-person visits, OISP implementation, waiver service administration, or operational decisions affecting Plaintiffs; concerning: (1) the requirement that a witness attend Plaintiffs' in-person visits; (2) any requirement that a witness enter Plaintiffs' home; (3) provider searches relating to M.S.; (4) implementation, delay, approval, or conditions placed upon Plaintiffs' OISP; (5) Plaintiffs' alleged "non-cooperation"; (6) whether in-person visits would occur absent witness access to Plaintiffs' home; (7) Plaintiffs' advocacy activities; (8) Plaintiffs' litigation against WCBDD; (9) operational responses to Plaintiffs following litigation or advocacy activity; (10) any operational directive, condition, restriction, or requirement imposed upon Plaintiffs; excluding communications consisting solely of requests for legal advice or the provision of legal advice unrelated to operational implementation, policy execution, or directives affecting Plaintiffs.

**Objection. This Request seeks information protected by the attorney-client privilege and attorney work product doctrine to the extent it seeks communications with counsel, legal advice, litigation strategy, or counsel's mental impressions. Defendant further objects to the definition of "Witness" because it inaccurately characterizes WCBDD's position and the facts. Subject to and without waiving these objections, no non-privileged documents exist.**

2. Produce all litigation hold notices, preservation directives, emails, memoranda, text messages, instructions, acknowledgments, meeting notes, or other communications instructing, directing, reminding, or advising any employee, officer, agent, representative, contractor, consultant, or attorney of WCBDD or the Warren County Prosecutor's Office to preserve

8

documents, communications, electronically stored information, text messages, emails, metadata, recordings, or other information relating to Plaintiffs or this lawsuit.

This request includes all documents concerning: (a) suspension, continuation, or modification of any document-retention or auto-delete policy; (b) identification of custodians subject to preservation obligations; (c) identification of devices, servers, messaging platforms, email accounts, cloud-storage locations, or electronically stored information repositories subject to preservation obligations; (d) acknowledgment or compliance with preservation obligations; (e) preservation of text messages, personal devices, or third-party messaging applications.

**Objection. This Request seeks information and documents protected by the attorney-client privilege and attorney work product doctrine, including counsel's litigation hold communications, legal advice, and mental impressions. Defendant further objects that the Request seeks information not relevant to any claim or defense and not proportional to the needs of the case. Subject to and without waiving these objections, Defendant is not withholding any non-privileged responsive documents in WCBDD's possession, custody, or control. WCBDD is subject to applicable statutory and regulatory record-retention obligations.**

3.	Produce all communications between or among any Defendant, WCBDD employee, representative, agent, or counsel (non-privileged) since January 1, 2022, regarding Plaintiffs, M.S., the Sodano family, Plaintiffs' waiver services, Plaintiffs' provider status, Plaintiffs' OISP, this lawsuit, Plaintiffs' advocacy, the litigation witness requirement, or provider searches for M.S.

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts.  Further, this request is overly broad and unduly burdensome. Subject to and without waiving said objection, Defendant will meet and confer with Plaintiffs' counsel to come up with search terms for a search of WCBDD's system. It is also anticipated that some of the search results might include information regarding other clients and said information will need to be redacted.**

4.	Produce all organizational charts, delegation memoranda, policies, manuals, contracts, interagency agreements, memoranda of understanding, directives, guidance documents, or other documents reflecting the authority, responsibilities, operational role, or decision-making authority of: (a) Attorney Kathryn Horvath; (b) the Warren County Prosecutor's Office; (c) Defendant Manuel; (d) Defendant Hidy; concerning WCBDD operations, waiver-recipient services, in-person visits, provider searches, OISP implementation, or directives issued to waiver recipients or their families.

**See attached Table of Organization and Job Descriptions**

5.	Produce all documents concerning the role of the Warren County Prosecutor's Office or Attorney Kathryn Horvath in operational, supervisory, administrative, or policy

decisions involving waiver recipients, in-person visits, provider searches, OISP implementation, or conditions imposed upon waiver services.

**None.**

6. Produce all documents reflecting whether WCBDD employees understood directives, recommendations, or instructions issued by Attorney Kathryn Horvath to be mandatory, binding, operationally controlling, or required to be implemented.

**Objection. This request seeks attorney-client privileged communications or is subject to attorney work product. Subject to and without waiving these objections, WCBDD is not aware of non-privileged responsive documents concerning Plaintiffs beyond documents otherwise produced or identified in these responses.**

7. Produce all documents concerning any instance in which WCBDD imposed additional conditions, monitoring requirements, witness requirements, provider searches, restrictions, or heightened oversight upon waiver recipients or their families following: (a) litigation; (b) complaints; (c) advocacy activity; (d) administrative appeals; (e) public criticism; (f) disputes with WCBDD.

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Further, this request seeks confidential and protected information concerning other waiver recipients, protected by federal HIPAA laws and R.C. 5123.044, for which no exception applies, and which is not reasonably calculated to elicit records relevant to any material dispute in this matter. Subject to and without waiving said objections, none. WCBDD has not imposed any additional conditions upon the Plaintiffs.**

8. Produce all communications between any Defendant, WCBDD employee, representative, agent, or counsel and the Ohio Department of Developmental Disabilities ("DODD") since January 1, 2022, about Plaintiffs.

**Objection. This request is overly broad and unduly burdensome. Subject to and without waiving said objection, Defendant will meet and confer with Plaintiffs' counsel to come up with search terms for a search of WCBDD's system. It is also anticipated that some of the search results might include information regarding other clients and said information will need to be redacted.**

9.      Produce all communications between any Defendant, WCBDD employee, representative, agent, or counsel and DODD since January 1, 2022, regarding parents of minor children providing Medicaid waiver services to their minor children, "provider searches" for minors, "parent replacement searches," OAC 5160-44-32, the DODD FAQ, the 2025 mandamus action (*Ex. rel. Lindsey Sodano, et al. vs. Ohio Dept. of Developmental Disabilities*, Oh. S. Ct. Case No. 2024-1724), End Ohio's Parent Penalty, or Plaintiffs' advocacy.

**Objection. Defendant objects to the extent this request seeks communications related to other WCBDD clients as such documents are not relevant and would be unduly burdensome to produce and not proportional to the needs of the case. Further, this request seeks confidential and protected information concerning other waiver recipients, protected by federal HIPAA laws and R.C. 5123.044, for which no exception applies, and which is not reasonably calculated to elicit records relevant to any material dispute in this matter. Subject to and without waiving said objections, see response to Request for Production No. 8.**

10.     Produce all communications between any Defendant, WCBDD employee, representative, or agent and the Ohio Association of County Boards of Developmental Disabilities ("OACB") since January 1, 2022, regarding parents of minor children providing Medicaid waiver services to their minor children, "provider searches" for minors, "parent replacement searches," OAC 5160-44-32, the DODD FAQ, the 2025 mandamus action (*Ex. rel. Lindsey Sodano, et al. vs. Ohio Dept. of Developmental Disabilities*, Oh. S. Ct. Case No. 2024-1724), End Ohio's Parent Penalty, or Plaintiffs' advocacy.

**None.**

11.     Produce all communications between any Defendant, WCBDD employee, representative, or agent and the Ohio Department of Medicaid ("ODM") since January 1, 2022, regarding parents of minor children providing Medicaid waiver services to their minor children, "provider searches" for minors, "parent replacement searches," OAC 5160-44-32, the DODD FAQ, the 2025 mandamus action (*Ex. rel. Lindsey Sodano, et al. vs. Ohio Dept. of Developmental Disabilities*, Oh. S. Ct. Case No. 2024-1724), End Ohio's Parent Penalty, or Plaintiffs' advocacy.

**None.**

12.     Produce all documents and electronically stored information that you reviewed, considered, or relied upon in preparing your responses to all the above Requests for Admission and Interrogatories.

**Responsive non-privileged documents include the documents produced with these responses, including the applicable OISP/ISP documents, relevant email communications, Targeted Case Management Notes, organizational chart, job descriptions, grievance process, and other documents identified in Defendant's responses.**

13.     Produce all documents utilized by WCBDD or their counsel related to Attorney Horvath's December 16, 2025 email to Plaintiffs' counsel and Plaintiff Lindsey Sodano (Exhibit A).

**Objection. This request seeks documents that are subject to attorney work product and the attorney-client privilege.**

14. In the March 17, 2026 email (Exhibit D), Patrick Poteet stated: "The previous directive that I received, of having Brittany Roberts, Service Coordinator, join me for all in-person visits, still stands due to current litigation matters." Produce all documents constituting, referencing, implementing, discussing, or memorializing the "directive."

**Objection. This request seeks documents that are subject to attorney work product and the attorney-client privilege. Subject to and without waiving said objection, any non-privileged documents related to this item are contained within the attached e-mail communication and Targeted Case Management Notes.**

15. Produce all documents pertaining to any requirement that, prior to M.S.'s OISP going into effect on February 19, 2026: (a) "60-day monitoring must occur"; (b)"Ms. Sodano may not dictate who attends on behalf of WCBDD"; and (c) "On my advice, they will be sending the SSA and one witness," as asserted in Exhibit A.

**Objection. This request seeks documents that are subject to attorney work product and the attorney-client privilege. Defendant objects to the definition of Witness in the instructions as it does not accurately reflect the facts.**

16. Produce all documents pertaining to any requirement that a witness attend all in-person visits with Plaintiffs.

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Subject to and without waiving said objection, any documents related to this item are contained within the attached Targeted Case Management Notes.**

17. Produce all documents containing any report, description, characterization, or complaint made by WCBDD to Attorney Kathryn Horvath or to the Warren County Prosecutor's Office stating, suggesting, or implying that any Plaintiff was attempting to dictate to WCBDD how it performs its statutory duties, or any substantially similar characterization of Plaintiffs' conduct.

**Objection. This request seeks attorney-client privileged communications. Subject to and without waiving said objection, none.**

18. In a December 17, 2025 email to Attorney Horvath, Plaintiffs' counsel stated: "[U]nder protest and under duress, our clients will comply with your demand that they accept Lori Carr, Residential Options Coordinator entering their family home and attending the monitoring and OISP meetings. It is our understanding that if our clients do not agree to this witness in their home they will lose M.S.'s waiver services." (Exhibit C). Produce any and all communications concerning this matter.

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Defendant also objects to the request to "[p]roduce any and all communications concerning this matter" as such request is overly broad and vague. This request also seeks attorney-client privileged communications and attorney work product. Subject to and without waiving said objections, none. No one saw the e-mail retracting the position prior to the two WCBDD employees attempting the visit.**

19. Produce any document signed by Plaintiffs, including but not limited to any OISP, ISP, Freedom of Choice Documentation form, waiver enrollment form, consent form, acknowledgment, policy, or agreement, stating that a witness would be required to enter Plaintiffs' home as a condition of M.S.'s OISP going into effect or completion of required in-person visits after Plaintiffs filed this lawsuit.

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Subject to and without waiving said objection, none.**

20. Produce any court search warrant, administrative search warrant, court order, administrative order, or other document Defendants contend authorized entry into Plaintiffs' home by the witness.

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Subject to and without waiving said objection, none.**

21. Produce all documents setting forth any appeal process, hearing procedure, grievance mechanism, review process, or method by which Plaintiffs could challenge the requirement that a witness enter Plaintiffs' home.

**Objection. Defendant objects to the definition of "Witness" in the instructions as it does not accurately reflect the facts. Subject to and without waiving said objection, see attached grievance process.**

22. Produce all documents concerning whether a witness is required to attend all in-person visits for Medicaid waiver recipients who are not parties to litigation against WCBDD.

**Objection. This request seeks confidential and protected information concerning other waiver recipients, protected by federal HIPAA laws and R.C. 5123.044, for which no exception applies, and which is not reasonably calculated to elicit records relevant to any material dispute in this matter. Subject to and without waiving said objection, none.**

13

23.     Produce all documents concerning any instance in which any Medicaid waiver recipient and/or guardian served by WCBDD was told that the recipient and/or guardian may not dictate who enters their home.

**Objection. This request seeks confidential and protected information concerning other waiver recipients, protected by federal HIPAA laws and R.C. 5123.044, for which no exception applies, and which is not reasonably calculated to elicit records relevant to any material dispute in this matter. Subject to and without waiving said objection, none other than Plaintiffs.**

24.     Produce all documents concerning any instance in which WCBDD brought to the Warren County Prosecutor's Office's attention the conduct of any Medicaid waiver recipient served by WCBDD or any family member of such recipient.

**Objection. This request is irrelevant, overly broad, is subject to the attorney-client privilege and attorney work product, and seeks confidential and protected information concerning other waiver recipients, protected by federal HIPAA laws and R.C. 5123.044, for which no exception applies, and which is not reasonably calculated to elicit records relevant to any material dispute in this matter. Subject to and without waiving these objections, WCBDD is not aware of non-privileged responsive documents concerning Plaintiffs beyond documents otherwise produced or identified in these responses.**

25.     Produce all documents concerning any instance in which the Warren County Prosecutor's Office contacted any Medicaid waiver recipient served by WCBDD, or any family member of such recipient regarding waiver services, service planning, or in-person visits.

**WCBDD is not aware of any non-privileged responsive documents in WCBDD's possession, custody, or control.**

26.     Produce all documents concerning any instance in which any employee or representative of the Warren County Prosecutor's Office communicated to any Medicaid waiver recipient served by WCBDD, or any family member of such recipient, that the recipient's or family member's conduct relating to waiver services or in-person visits "cannot continue" or any substantially similar directive.

**WCBDD is not aware of any non-privileged responsive documents in WCBDD's possession, custody, or control.**

27.     Produce all documents concerning any instance in which WCBDD did not conduct, cancelled, or declined to schedule an in-person contact visit required under OAC 5160-44-32(E)(2)(g) for any Medicaid waiver recipient served by WCBDD.

**Objection. This request is overly broad, unduly burdensome and not proportional to the needs of the case. Defendant further objects that the request would require WCBDD to**

14

**conduct a manual review of individual records to identify the absence, cancellation, or non-occurrence of in-person visits, which is not reasonably searchable in the ordinary course.**

28.     Produce all documents concerning the actual, apparent, delegated, customary, exercised, supervisory, operational, or policymaking authority of Attorney Kathryn Horvath, Defendant Manuel, and Defendant Hidy with respect to: (a) directing WCBDD employees; (b) imposing conditions upon waiver services; (c) determining whether in-person visits would occur; (d) determining who would attend in-person visits; (e) directing provider searches; (f) directing or influencing implementation of OISPs; (g) directing communications to waiver recipients or their families; (h) directing operational responses to litigation; (i) directing actions affecting Plaintiffs; (j) establishing, implementing, interpreting, or enforcing WCBDD policies or

**Objection. The Request is incomplete because subsection (j) ends with "or." Subject to and without waiving said objection, see response to Request for Production No. 4.**

29.     Produce all documents concerning: (a) what constitutes "agree[ing] to and cooperat[ing] with" in-person visits under OAC 5160-44-32(E)(2)(g); (b) what conduct constitutes non-cooperation with the in-person visit requirement set forth in OAC 5160-44-32(E)(2)(g); (c) who may attend the in-person visits required by OAC 5160-44-32(E)(2)(g); (d) consequences for refusal or non-cooperation with the in-person visits required by OAC 5160-44-32(E)(2)(g); (e) whether the in-person visits required by OAC 5160-44-32(E)(2)(g) require entry into a waiver recipient's home; and (f) whether waiver recipients may satisfy OAC 5160-44-32(E)(2)(g)'s cooperation requirement through in-person visits occurring outside the home.

1. **As to subsection (a), see the current Individual Service Plan for the span February 19, 2026 through February 18, 2027, in which Lindsey Sodano provided consent for the Service Coordinator to contact the guardian monthly by phone and to complete face-to-face home visits every sixty days.**
2. **As to subsections (b) through (e), WCBDD is not aware of responsive documents in its possession, custody, or control.**
3. **As to subsection (f), see the current Individual Service Plan for the span February 19, 2026 through February 18, 2027, in which Lindsey Sodano provided consent for the Service Coordinator to contact the guardian monthly by phone and to complete face-to-face home visits every sixty days.**

30.     Produce all documents concerning how frequently in-person visits are conducted for: (a) adult waiver recipients with parent providers; (b) adult waiver recipients with non-parent providers; (c) minor waiver recipients with non-parent providers; and (d) minor waiver recipients with parent providers.

**As to subsections (a), (b), and (c): the frequency of in-person visits is identified in the individual's Individual Service Plan, OAC 5123-4-02(F)(2)(q), and Warren County Board of Developmental Disabilities Service and Support Administration Division Procedure – Service Monitoring (SSP-303).**

15

**As to subsection (d): the frequency of in-person visits is identified in the individual's Individual Service Plan and OAC 5160-44-32.**


31. Produce all documents related to any instructions, directives, guidance, or communications provided to Lori Carr, Brittany Roberts, Laura Hathaway, and/or Patrick Poteet regarding their role, responsibilities, conduct, or observations during in-person visits with Plaintiffs between December 10, 2025 and the present.

**Objection. This request seeks documents that are subject to attorney work product and the attorney-client privilege. Subject to and without waiving said objection, any non-privileged documents related to this item are contained within the Targeted Case Management Notes.**


32. Produce all documents related to any report, summary, notes, observations, or communications between Lori Carr and any Defendant, WCBDD employee, representative, agent, or legal counsel regarding any planned, attempted, or completed visit to Plaintiffs' home.

**Objection. This request seeks documents that are subject to attorney work product and the attorney-client privilege. Subject to and without waiving said objection, any non-privileged documents related to this item are contained within the Targeted Case Management Notes.**


33. Produce all documents related to any report, summary, notes, observations, or communications between Patrick Poteet and any Defendant, WCBDD employee, representative, agent, or legal counsel regarding any planned, attempted, or completed visit to Plaintiffs' home.

**Objection. This request seeks documents that are subject to attorney work product and the attorney-client privilege. Subject to and without waiving said objection, any non-privileged documents related to this item are contained within the Targeted Case Management Notes.**


34. Produce all documents related to any report, summary, notes, observations, or communications between Brittany Roberts and any Defendant, WCBDD employee, representative, agent, or legal counsel regarding any planned, attempted, or completed visit to Plaintiffs' home.

**Objection. This request seeks documents that are subject to attorney work product and the attorney-client privilege. Subject to and without waiving said objection, any non-privileged documents related to this item are contained within the Targeted Case Management Notes.**


As to all objections:

/s/ Brandon Abshier
Brandon L. Abshier, Esq. (0083505)

16

/s/ Brandon Abshier

Michael J Valentine, Esq. (0038806)
Brandon L. Abshier, Esq. (0083505) (trial counsel)
Reminger Co., L.P.A.
955 Yard Street, Suite 330
Columbus, Ohio 43212
(614) 228-1311; FAX (614) 232-2410
mvalentine@reminger.com
babshier@reminger.com
*Attorneys for Defendants Warren County Board of Developmental Disabilities, Megan Manuel, Tony Hidy, Sarah Lindeen, and Laura Hathaway*

DAVID  P.  FORNSHELL
PROSECUTING  ATTORNEY
WARREN COUNTY, OHIO

/s/  Kathryn  M.  Horvath

KATHRYN  M.  HORVATH  (0088105)
Assistant Prosecuting Attorney
Warren County Prosecutor's Office
520 Justice Drive
Lebanon,  Ohio
Ph: (513) 695-1325
Kathryn.Horvath@warrencountyohio.gov
*Statutory counsel for Defendants Warren County Board of Developmental Disabilities, Megan Manuel, Tony Hidy, Sarah Lindeen, and Laura Hathaway*

17

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 10th day of June 2026, the foregoing was served via e-mail upon

the following:

Michela Huth, Esq.
257 Canal Street, SE
Bolivar, Ohio 44612
(330) 440-4027
michelahuth.esq@gmail.com

Richard Bruce Rosenthal, Esq.
545 E. Jericho Turnpike
Huntington Station, NY 11746
(631) 629-8111; FAX: (631) 961-8789
richard@thedoglawyer.com

*Attorneys for Plaintiffs*

/s/ Brandon L. Abshier
Michael J. Valentine, Esq. (0038806)
Brandon L. Abshier, Esq. (0083505)

18