# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**J. MARTIN ROBERTSON,**

        **Plaintiff,**

        **v.**

**CITY OF NEWARK,** *et al.*,

        **Defendants.**

:

        **Case No. 2:24-cv-00600**
        **Chief Judge Sarah D. Morrison**
        **Magistrate Judge Elizabeth A.**
        **Preston Deavers**

:

## ORDER

This matter is before the Court on Plaintiff J. Martin Robertson's Amended Complaint (ECF No. 30). Upon review of the Amended Complaint, the Court finds that the Amended Complaint fails to comply with Federal Rule of Civil Procedure 8.

Rule 8 requires a complaint to be "simple, concise, and direct" and consist of "a short and plain statement of the claim showing that the pleader is entitled to relief" against the Defendants. In addition to requiring compliance with Rule 8, a court may *sua sponte* strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Without passing judgment on the truth of the allegations in the Amended Complaint, the Court finds that many of the "allegations" are redundant and/or unnecessary recitations of law and legal arguments, leading to his pleading's excessive length.[1]

---

[1] For example, Mr. Robertson spends roughly 11 pages reciting the various federal, state, and local laws he contends apply to his case. (Am. Compl., PAGEID # 262–72.)

Ex. C

In *Kensu v. Corizon, Inc.*, the Sixth Circuit upheld the dismissal of a complaint filed by a *pro se* litigant who repeatedly had failed to comply with Rule 8. 5 F.4th 646 (6th Cir. 2021). Rather than filing a concise pleading, his complaint (and amended versions thereof) included an "unnecessarily lengthy recitation" of background facts and allegations, and made it "impossible for the district court or 'opposing counsel to discern which factual allegations [we]re asserted to provide context,' 'which [we]re asserted to support his current claims, and which were legally insignificant.'" *Id.* at 648–649 (quoting district court opinion). *Kensu* was published to set precedent for future cases in which a court dismisses not based on the "plausibility" standard, but instead on a plaintiff's "repeated failure to plead claims and allegations with *clarity*" under Rule 8. *Id.* at 650; *see also, generally*, *McComb v. Dominium Property Mgmt.*, No. 3:20-cv-369, 2022 WL 4395994, at *3 (S.D. Ohio Sept. 23, 2022) (Rice, J.) (dismissing complaint where plaintiff had engaged in persistent or vexatious refusal to comply with Rule 8, despite having been given at least two opportunities to amend).

Here, Mr. Robertson is not a *pro se* litigant. Yet his 104-page Amended Complaint, arising from his dispute with the City Defendants over fines imposed for the grass height on his vacant lot, is of comparable length to the 108-page complaint at issue in *Kensu*. And despite the fact that he dismissed the County Defendants, his Amended Complaint is *longer* than his original 96-page Complaint (ECF No. 1).

Length is only "but one factor to consider in evaluating a litigant's compliance with Rule 8." *Greer v. Harreld*, No. 1:24-CV-00118, 2024 WL 1155984, at *4 (S.D. Ohio Mar. 18, 2024) (Bowman, M.J.). As explained in *Kensu*:

> What is a short and plain statement of a claim or a simple, clear, and direct allegation will, of course, depend on the totality of the circumstances: more complicated cases will generally require more pleading. What Rule 8 proscribes is *obfuscation* of the plaintiff's claims. *See Swierkiewicz*, 534 U.S. at 514, 122 S.Ct. 992. The district court and defendants should not have to "fish a gold coin from a bucket of mud" to identify the allegations really at issue. *Garst*, 328 F.3d at 378. So, while excessive length may indicate a lack of requisite concision and simplicity, it cannot be the sole factor justifying dismissal. *Bennett*, 153 F.3d at 518; *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132–33 (9th Cir. 2008) (finding it an abuse of discretion to dismiss with prejudice a "long but intelligible" complaint that "allege[d] viable, coherent claims"). The key is whether "the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.' " *Gillibeau*, 417 F.2d at 431 (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)).

*Kensu*, 5 F.4th at 651.

Here, it is facially apparent that many of the deficiencies identified in *Kensu* exist in Mr. Robertson's Amended Complaint; however, the Court cannot *sua sponte* strike immaterial allegations from it due to its prolixity and redundancy.

Accordingly, the Court **STRIKES** Mr. Robertson's Amended Complaint (ECF No. 30). Within **ten (10) days** of the date of this Order, Mr. Robertson is **ORDERED** to file a Second Amended Complaint that: (1) fully complies with Rule 8; and (2) eliminates redundant, immaterial, impertinent, or scandalous matter.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3